IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**ROGER DALE FLOYD**                                                                                         **PLAINTIFF**

**V.**                              **CIVIL ACTION NO. 1:20-CV-107-DMB-DAS**

**KILOLO KIJAKZI,** [1]
**ACTING COMMISSIONER OF THE**
**SOCIAL SECURITY ADMININSTRATION**                        **DEFENDANT**

## ORDER GRANTING MOTION FOR ALLOWANCE OF ATTORNEY FEES

Roger Dale Floyd filed this civil action appealing the Commissioner's denial of disability benefits. This court reversed the decision of the Commissioner and remanded the case to the Social Security Administration for further proceedings. On September 8, 2021, this court granted the plaintiff an award of attorney's fees under the Equal Access to Justice Act (EAJA) for $ 7,748.34 for 37.75 hours of attorney time in 2020 and 2021.

Counsel for the plaintiff now moves for an award of attorney fees under 42 U.S.C. § 406 (b)(1). Floyd has contracted to pay his counsel a maximum legal fee of twenty-five percent of any award of past due benefits for the representation. The plaintiff was successful on remand in obtaining an award of past-due benefits. The Social Security Administration has withheld twenty-five percent of the past-due benefits or a total of $ 27,243.75 for legal fees that may be awarded. Of this sum, plaintiff's counsel will seek $ 4,837.50 as attorney fees for services rendered at the administrative level. From the remaining balance of $ 22,406.35, counsel requests an attorney fee of $ 14,657.91 which represents the balance of the potential contracted

---

[1] The clerk of the court is directed to substitute the name of the current Acting Commissioner as the defendant in the style of this action.

fee, after offsetting the earlier EAJA fee award. By offsetting the amount of the EAJA fees against the 406(b)(1) award, counsel proposes to have the EAJA fees refunded to the plaintiff through the Commissioner.

The Commissioner points out that the court must determine if the claim for the full twenty-five percent fee is a reasonable fee. Social Security cases are undertaken on a contingency basis for clients who typically would otherwise be unable to retain an attorney, and at high risk of loss to counsel given the "substantial evidence" standard for review. *Jeter v. Astrue*, 622 F.3d 371, 379, n. 9 (5th Cir. 2010). The risk of loss in this representation is serious and unavoidable, regardless of the skill of counsel in selecting and prosecuting cases. In addition to the risk of loss, counsel is assured of long delay in receiving any payment for their services. The courts will not rubber stamp contracts for the standard twenty-five percent if it amounts to a windfall for the attorney. But between the skill required, the risk of loss accepted, and the long delays involved in the administrative and appellate processes, a twenty-five percent maximum contingency fee is frequently also a "reasonable fee." *Wier v. Kijakazi*, No. 4:18-CV-105-DAS, 2021 WL 3611121, at *2 (N.D. Miss. Aug. 13, 2021). The court finds that the fees requested before this court are reasonable.

The Commissioner objects to the proposed offset of the EAJA fees, insisting that the full § 406(b)(1) fees must be calculated and awarded to counsel, and counsel ordered to reimburse the EAJA fees directly to the claimant. The Commissioner has made this argument before. For the reasons stated in *Bradford v. Comm'r of Soc. Sec.*, No. 3:18-CV-123-DAS, 2020 WL 5995690 (N.D. Miss. Oct. 9, 2020), the court remains convinced that offsetting EAJA fees from any § 406 (b)(1) award is an equally appropriate method. The plaintiff is assured of reimbursement of the smaller of the fees and double recovery by counsel prevented.

**IT IS, THEREFORE, ORDERED**, that the Commissioner of the Social Security Administration shall pay attorney fees in the amount of $14,657.91 to plaintiff's counsel, less its

administrative fees, for representation of the claimant before this court. The Commissioner shall, after determining and awarding fees for the representation at the administrative level, release the balance of the withheld sums to the plaintiff.

    **SO ORDERED**, this the 7th day of November, 2022.

                                              **/s/ David A. Sanders**
                                              **U.S. MAGISTRATE JUDGE**